**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**MARK MILLS,**

      **Plaintiff,**                                 **Civil Action No.** 3:17-cv-03622
                                                             **JURY TRIAL DEMANDED**

**v.**

**CITY OF HUNTINGTON,**

      **Defendant.**

## COMPLAINT

Your Plaintiff, Mark Mills, by his counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC files this legal action against the Defendant, City of Huntington. Your Plaintiff seeks redress and remedy arising from the Defendant's deliberate failure to comply with the provisions of the Family and Medical Leave Act of 1993 ("FMLA"), the West Virginia Human Rights Act, West Virginia Whistle-blower Law, West Virginia Code §21-3-10a and the public policies and common law of the State of West Virginia prohibiting illegal discrimination and retaliation against persons with disabilities and persons who report workplace misconduct. Mr. Mills requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. Plaintiff, Mark Mills, is a citizen and resident of Cabell County, West Virginia, and a former employee of the Defendant City of Huntington.

2. Defendant City of Huntington is a municipal corporation organized under and operating by

1

virtue of West Virginia Code §§ 8-12-1, et seq.

3. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

5. Venue is appropriate in this case under 28 U.S.C. §1391(b) because Defendant is a resident of the state of West Virginia and a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

## FACTS

6. On or about April 27, 2012, Defendant hired Mr. Mills as a driver. As part of his primary job duties, Mr. Mills operated heavy equipment.

7. During the time of his employment with Defendant, Mr. Mills met or exceeded Defendant's legitimate expectations.

8. During the entire period of his employment, Mr. Mills suffered from anxiety and depression, for which he required continuing treatment from various healthcare providers.

9. Defendant, by and through its agents and employees, had actual knowledge of Mr. Mills' serious health conditions because Mr. Mills told his supervisor of his conditions several times during Plaintiff's employment.

10. Beginning in 2012, Mr. Mills notified Defendant, through its supervisors, that several

2

employees had harassed him on the job and requested that Defendant not assign him to work with said employees.

11. When Plaintiff initially complained about his treatment, his supervisor instructed him to put his complaint "in the suggestion box."

12. Although Defendant initially complied with Mr. Mills' 2012 request, in 2015, the Defendant required Mr. Mills to work with the individuals who had harassed him on the job.

13. In 2015, Plaintiff became aware of acts of misconduct by employees of Defendant being committed in the course of their employment.

14. Mr. Mills timely reported said misconduct to Defendant's management.

15. Plaintiff was assigned to work with the employees who had previously harassed him shortly after learning of and reporting misconduct as alleged above.

16. Plaintiff was not provided with any report or information regarding any investigation or corrective action taken in response to his report.

17. As a result of his treatment, Mr. Mills filed grievances with his union representative between 2015-2016.

18. In his grievances, Mr. Mills alleged that one of Defendant's department directors had created a hostile work environment by allowing foremen, supervisors and third parties to go onto Mr. Mills' worksite and harass him.

19. Mr. Mills also reported to the above-referenced department director that he was not receiving breaks during the work day as required by West Virginia law.

20. Mr. Mills also repeatedly reported to his supervisor that he suffered from anxiety and that

3

co-workers and third parties had harassed him on the job.

21. In late 2016, Mr. Mills required an approximate one-month leave of absence for anxiety and depression after a co-worker, who had previously bullied and/or harassed Mr. Mills, made unfounded accusations against Plaintiff claiming he had incited violence.

22. After returning from his leave of absence, on or about December 7, 2016, the co-worker who had made the unfounded accusations against Mr. Mills hit Plaintiff in the face.

23. This assault and battery required Mr. Mills to file a police report and seek medical treatment for a fractured nose.

24. On December 8, 2016, the day after Plaintiff was assaulted at work, Defendant terminated Mr. Mills because it claimed that he had provoked the employee who assaulted him.

25. On information and belief, the employee who assaulted Mr. Mills continues to be employed with Defendant.

26. Defendant did not, at any time after it acquired knowledge and/or notice of Mr. Mills' serious health conditions, provide any legally-required individual FMLA notice to Plaintiff of his rights or eligibility under the FMLA.

27. As a direct and/or proximate result of Defendant's conduct, Mr. Mills has suffered lost wages and benefits, lost retirement benefits, emotional distress, humiliation, embarrassment, ridicule, damage to his reputation and other general and compensatory damages.

**COUNT I: INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT**

28. Plaintiff incorporates the previous paragraphs as if set forth herein.

29. At all times alleged, Plaintiff was qualified and eligible for a leave of absence to treat and

care for his serious health conditions.

30. Beginning on or about April of 2013 through the date of his termination, Plaintiff had worked for Defendant for more than twelve months, and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant during the prior twelve-month period.

31. Defendant is and was a covered employer under the FMLA, and employs 50 or more people within 75 miles of the location where Plaintiff was employed.

32. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1).

33. The notice "must state whether the employee is eligible for FMLA leave," and if the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." 29 C.F.R.  §825.300(b)(1), (2).

34. At each time when eligibility notice is to be provided, an employer is also required to provide written notice of the employee's rights and responsibilities under the FMLA. 29 C.F.R. §825.300(c)(1).

35. An employer is further required to notify the employee of the designation of his leave, specifically, whether such leave will be designated as FMLA and count towards the employee's total available leave time. 29 C.F.R. §825.300(d).

36. Like rights and responsibilities notice, designation notice must also be provided in writing.

37. Plaintiff requested a medical leave of absence (FMLA leave) to treat his serious health

conditions and/or supplied sufficient notice about his conditions to the Defendant such that it required Defendant to provide FMLA eligibility and rights and responsibilities notice to Plaintiff.

38. Defendant failed to provide Plaintiff with the required, individual notice of his rights and eligibility to take FMLA leave to care for his serious health conditions.

39. Defendant failed to properly designate Plaintiff's leave and/or to provide notice to Plaintiff of such designation.

40. Defendant's failure to comply with the requirements of the FMLA resulted in prejudice to Plaintiff and impairment of his legal rights because he could not make informed decisions about taking leave to care for his serious health condition(s) including, but not limited to, when to take FMLA leave, the duration of such leave, and the ability to take leave in a manner which would provide the job protections and security available to him under the FMLA.

41. Defendant's actions against Plaintiff were reckless and in deliberate disregard of the FMLA's notice provisions.

42. Defendant's termination of Plaintiff is a *per se* interference with Plaintiff's FMLA rights and protections because it results in Plaintiff's loss of wages and benefits, including those under the FMLA, which constitutes prejudice to Plaintiff.

43. Despite having been informed of Mr. Mills' serious health conditions at various times throughout his employment, Defendant failed to provide Plaintiff with any individual notice as required by the FMLA. In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

44. In failing to provide the required individual notice and terminating Plaintiff, when Defendant knew he was eligible for FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in the prayer for relief.

**COUNT II: DISCRIMINATION/RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT**

45. Plaintiff incorporates the previous paragraphs as if set forth herein.

46. Before requesting and/or requiring a leave of absence (FMLA leave), Mr. Mills had been employed by Defendant for longer than twelve (12) months and had worked at least 1250 hours of service for Defendant during the prior twelve-month period.

47. When Plaintiff notified Defendant of his serious health conditions and/or his need to take time off from work to care for and treat the same, he gave adequate and proper notice of his need to take leave under the FMLA.

48. When Plaintiff requested and/or required leave, he was qualified and eligible for FMLA leave.

49. In notifying Defendant of his serious health conditions and need for time to treat and care for the same, and in taking a month-long leave of absence in 2016, Plaintiff engaged in conduct protected under the FMLA that entitles him to all relief under the FMLA.

50. Plaintiff's month-long leave of absence just before his termination and other similar conduct related to his serious health conditions, was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

51. Defendant repeatedly failed to provide Plaintiff with FMLA's statutorily required individual notice.

7

52. Defendant's termination of Plaintiff after he (1) returned from a leave of absence related to his serious health conditions; (2) notified Defendant that he had serious health conditions; and/or (3) requested time off due to his health conditions was reckless and in deliberate disregard of Plaintiff's rights under the FMLA.

53. Defendant's conduct, up to and including its termination of Plaintiff, is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and he seeks remedy as set forth in the prayer for relief.

## COUNT III: DISABILITY DISCRIMINATION

54. Plaintiff incorporates the previous paragraphs as if set forth herein.

55. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

56. Plaintiff has health conditions that substantially limit certain major life activities including, but not limited to, associating and interacting with people, and thinking and focusing on tasks.

57. Alternatively, Defendant and its agents regarded Plaintiff as having such an impairment.

58. At all times alleged, the Plaintiff is and was qualified for the job he held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position he held, and because Plaintiff was and is able to perform the essential functions of his job, with or without reasonable accommodation.

59. Defendant, by and through the actions of its employees, supervisors and agents, intentionally discriminated against the Plaintiff based on his status as a person with a disability.

8

60. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

61. Any reason alleged by Defendant for Plaintiff's termination is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on his status as a person with a disability.

62. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to his reputation, as well as other past and future pecuniary losses.

63. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm him and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests relief as set forth in the prayer for relief.

**COUNT IV: HOSTILE WORK ENVIRONMENT**

64. Plaintiffs incorporate the previous paragraphs as if set forth herein.

65. Plaintiff is a person with a disability and, as such, is a member of a protected class under the West Virginia Human Rights Act.

66. During the course of his employment, Plaintiff was repeatedly subjected to bullying, harassment and other aggressive and intimidating behavior based on his status as a person with a disability.

67. Plaintiff did not consent to, encourage or welcome the harassment described in the

preceding paragraphs.

68. The harassment against Plaintiff was sufficiently severe and/or pervasive as to interfere with Plaintiff's work, alter his conditions of employment, and create an intimidating, offensive and hostile work environment.

69. Plaintiff reported the harassment and hostile work environment to Defendant, as previously alleged, and/or Defendant had notice of the harassment because it was pervasive and obvious.

70. Defendant failed to investigate and/or take effective remedial action in response to Plaintiff's reports of harassment and hostile work environment.

71. Harassment, discrimination and intimidation continued to occur following Plaintiff's reports of his treatment.

72. Defendant retained a coworker of Plaintiff who assaulted him and terminated Mr. Mills for allegedly provoking his attacker.

73. Defendant had the power to alter or affect the terms and conditions of Plaintiff's employment.

74. Defendant acted with malice and with reckless indifference to Plaintiff's rights under the West Virginia Human Rights Act (W.V. Code §5-11-1, *et seq.*) and the common law and public policies of the state of West Virginia.

75. As a direct and/or proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer emotional distress, lost wages and benefits, expenses in obtaining substitute employment and further injury for which he requests relief as provided in the prayer for relief.

## COUNT V: RETALIATORY DISCHARGE

76. Plaintiff incorporates the previous paragraphs as if set forth herein.

77. Throughout his employment, Mr. Mills had performed all conditions, covenants, promises, duties and responsibilities required of him in accordance and conformity with Defendant's legitimate expectations.

78. In striving to comply with his duties as an employee and with West Virginia law prohibiting discriminatory practices, Plaintiff reported his treatment and misconduct at work that he believed violated West Virginia law.

79. Specifically, Mr. Mills reported:

   a. that his supervisor, another manager of Defendant, co-workers, and other persons had harassed and bullied him and that their actions interfered with the performance of his job;

   b. that employees of Defendant were engaged in acts of misconduct in the workplace and/or in the course of performing their jobs;

   c. that the Defendant had failed to provide him with a 20-minute break during his work day that was in excess of six hours; and

   d. that he was the victim of an assault and battery by a coworker in the workplace.

80. Mr. Mills reported his assault and battery to Defendant immediately before his termination.

81. In 2015-2016, Plaintiff filed grievances relating to and as a result of bullying and harassment by supervisors and employees of Defendant.

82. In making the above reports and grievances, Plaintiff engaged in protected conduct.

83. Defendant took adverse action against Plaintiff including, but not limited to, termination.

84. Plaintiff's above-described protected conduct was a motivating factor in Defendant's decision to take adverse action against Mr. Mills.

85. Plaintiff's termination also followed his protected activities within such period of time that the Court can infer retaliatory motivation.

86. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the West Virginia Human Rights Act, West Virginia Whistle Blower Law, West Virginia Code §21-3-10a and federal and state regulations, common law and public policies because:

   a. Defendant had knowledge of Plaintiff's protected conduct, as described above;

   b. Defendant took adverse action against Plaintiff including, but not limited to, termination;

   c. Plaintiff's protected conduct was a motivating factor in Defendant's decision to take said adverse action against Mr. Mills.

87. Any reason alleged by Defendant for terminating the Plaintiff and denying Plaintiff the benefits of employment and fair, non-discriminatory treatment is mere pretext for Defendant's real reason for firing the Plaintiff, which is Defendant's retaliation against Plaintiff for making reports regarding his treatment and misconduct occurring in the workplace.

88. As a direct and/or proximate result of Defendant's intentional and retaliatory actions against him, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining

employment, embarrassment, damage to his reputation and other past and future pecuniary losses.

89. Defendant knew or reasonably should have known that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm him.

90. Defendant's actions are and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act, West Virginia Whistle Blower Law, West Virginia Code §21-3-10a and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks punitive damages and other relief as provided below.

## COUNT VI: DISCRIMINATION AND RETALIATION IN VIOLATION OF WEST VIRGINIA WHISLTE-BLOWER LAW

91. Plaintiff incorporates the previous paragraphs as if set forth herein.

92. Plaintiff was, at all times throughout his employment with Defendant, an employee covered by the West Virginia Whistle-blower Law. See, W.Va. Code §6C-1-2(b).

93. Plaintiff made good faith reports regarding wrongdoing and/or waste by supervisors and employees of Defendant, which qualifies him as a whistle-blower and entitles him to all rights, privileges and protections provided under the law.

94. Defendant had knowledge of Plaintiff's protected reports because they were made to supervisors and agents of Defendant.

95. Defendant took adverse action against Plaintiff, up to and including assigning Mr. Mills to work with employees who harassed him after he reported workplace misconduct, and terminating Mr. Mills the day after he reported being assaulted by a coworker in the workplace.

96. Plaintiff's protected whistle-blower reports were a motivating factor in Defendant's decision to take adverse action against Plaintiff including, but not limited to termination.

97. Defendant and its agents knew or reasonably should have known that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Plaintiff.

98. As a direct and/or proximate result of Defendant's discriminatory and retaliatory actions against Mr. Mills, Plaintiff has suffered lost income and other benefits of employment, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to his reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

## COUNT VII: OUTRAGE

99. Plaintiff incorporates the preceding paragraphs as if set forth herein.

100. Defendant's above actions including, but not limited to, terminating Plaintiff for allegedly provoking and assault and battery against him and retaining the employee who committed the assault and battery, were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

101. Defendant acted with the intent to inflict emotional distress and/or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct.

102. Defendant's actions caused the Plaintiff to suffer emotional distress and fear.

103. The emotional distress suffered by the Plaintiff was and is so severe that no reasonable person could be expected to endure it.

14

## COUNT VIII: FAILURE TO ALLOW PLAINTIFF BREAKS DURING HIS EMPLOYMENT IN VIOLATION OF W.VA. CODE §21-3-10a

104. Plaintiff incorporates the previous paragraphs as if set forth herein.

105. West Virginia Code §21-3-10a provides that "During a workday of six or more hours, all employers shall make available for each of their employees, at least twenty minutes for meal breaks, at times reasonably designated by the employer. This provision shall be required in all situations where employees are not afforded necessary breaks and/or permitted to eat lunch while working."

106. During Plaintiff's employment, the Defendant regularly failed to allow Mr. Mills at least twenty minutes for meal breaks.

107. The Defendant's refusal to allow Plaintiff reasonable, twenty-minute breaks during his six-hour workday has proximately caused Plaintiff damages for which he seeks relief as requested in his prayer for relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mark Mills, requests judgment against the Defendant as follows:

On Counts I and II, grant Plaintiff back wages, liquidated damages, compensatory damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA.

On Counts III, IV, V, VI, VII, and VIII grant Plaintiff actual damages for lost wages, lost compensation and fringe benefits, costs and out of pocket expenses in an amount to be determined by a jury;

15

On Counts III, IV, V, VI, VII and VIII grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by Mr. Mills as a direct and proximate result of Defendant's conduct;

On Counts III, IV, V, VI, VII and VIII, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and willful actions;

Prejudgment and post judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, MARK MILLS,
By Counsel,


s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com

16